```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
                                    :
MOHAMMAD ASLAM MIAN
                                    :
    v.                              :   Civil Action No. DKC 21-2419
                                    :
LOANCARE SERVICING COMPANY,
Et al.                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discriminatory lending case are the motion for judgment on the pleadings filed by Defendants LoanCare, LLC ("LoanCare"), NewRez, LLC ("NewRez"), and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"), (ECF No. 15); the motion to strike Defendants' motion for judgment on the pleadings filed by Plaintiff Mohammad Aslam Mian, (ECF No. 17); the motion to strike Plaintiff's motion for summary judgment filed by Defendants, (ECF No. 18)[1]; the motion to compel filed by Mr. Mian, (ECF No. 24); and the motion for partial summary judgment filed by Mr. Mian, (ECF No. 27).  The issues have been briefed, and the court now rules, no hearing being necessary.  Local Rule 105.6.  For the following reasons, the motion for judgment on the pleadings will be granted.  The remaining motions will be denied.

---

[1] Mr. Mian apparently wrote a motion for summary judgment and mailed it to Defendants, but never filed it. (ECF No. 18, at 1).

## I.  Background

Unless otherwise noted, the facts outlined here are set forth in the complaint and the documents attached to the complaint. The facts are construed in the light most favorable to Mr. Mian.

Mr. Mian is a retiree who has an income of only a few hundred dollars per month. In 2019, he still had a mortgage on his home. NewRez was the servicer and LoanCare was the subservicer. In August of 2019, Mr. Mian told the two loan servicers that he was experiencing financial difficulties and that he planned to renovate and sell his home. (ECF No. 1-2, at 1). He instructed LoanCare to not make any further draws on his bank account. (*Id.*). He further stated that he intended to sell the home by September 30, 2019.[2] (*Id.*).

Mr. Mian did not sell his home by September 30, 2019. Instead, Mr. Mian defaulted on his mortgage payments in August, September, and October. (ECF No. 1-2, at 6). In September, LoanCare sent Mr. Mian a package of options for managing his default. (ECF No. 1-2, at 2). The options included payment plans, as well as a forbearance. A forbearance was only available to individuals planning on keeping their homes. (ECF No. 1-2, at 3).

---

[2] The communications in which Mr. Mian alleges that he asked for a forbearance do not actually contain a request for a forbearance. (ECF No. 1-2, at 1, 4). Nonetheless, Defendants agree that Mr. Mian was requesting a forbearance. (ECF No. 13, at ¶2).

2

Mr. Mian responded in writing, reiterating his financial difficulties and plans to sell the home, and submitting an application for assistance. (ECF No. 1-2, at 4). LoanCare confirmed receipt in writing. (ECF No. 1-2, at 5).

Following the three months of defaults, LoanCare wrote to Mr. Mian on October 24, 2019. (ECF No. 1-2, at 8). LoanCare explained that Mr. Mian was in default, that he had a right to cure the default, and that he must cure the default by November 28, 2019. (*Id.*). LoanCare warned that, if Mr. Mian failed to cure the default, then there was the possibility that the remainder of the amount due on the mortgage may be accelerated, after which foreclosure was possible. (*Id.*). LoanCare provided a person for Mr. Mian to contact, Brenda Mansfield, and a phone number for her. (ECF No. 1-2, at 9).

On November 15, 2019, Defendants offered a payment plan to Mr. Mian with a reduced monthly payment. (ECF No. 1, at 3). Mr. Mian seems to have rejected this option.

At some point during the winter of 2020, the house was listed for sale with Long & Foster. (ECF No. 1, at 5). It was listed at $689,000.00, the market value assessed by Long & Foster. (ECF No. 1, at 4). The "county assessed value," however, was $480,000.00. (*Id.*). At some point during the time the house was for sale, the Defendants put an abandoned house sign in front of the house. (ECF No. 1, at 5). The house ultimately sold for $545,00.00. (ECF No.

3

1, at 5). It is not clear from Mr. Mian's complaint whether he was making payments on his mortgage during this period. It seems, however, that during this period LoanCare continued to warn Mr. Mian about the possibility of foreclosure. (ECF No. 1, at 5).

At some point Mr. Mian filed a complaint with the Consumer Financial Protection Bureau. (ECF No. 1, at 5). It does not appear that the CFPB took any action against Defendants.

On September 21, 2021, Mr. Mian filed this lawsuit. His complaint, which is not a model of clarity, seems to be alleging (1) that racial discrimination was the cause of Defendants' denial of his request for a forbearance; (2) that Defendants were required to assign him a person to communicate with him, pursuant to Md. Code Ann. Commercial Law § 13-316, but that they did not; and (3) that Defendants violated the Paperwork Reduction Act when they sent him paperwork regarding his options for managing his default.

Defendants filed an answer. (ECF No. 13). Defendants then filed a motion for judgment on the pleadings. (ECF No. 15). The other pending motions followed.

**II. Standard of Review**

Fed.R.Civ.P. 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for resolving a motion pursuant to Rule 12(c) depends on the nature of the relief being sought. For example, Rule 12(h) permits a defense of failure to

4

state a claim to be raised under Rule 12(c). In that case, the Rule 12(c) standard is the same as for 12(b)(6) motions and a court will only consider the pleadings. *Geoghegan v. Grant*, No. 10-cv-1137-DKC, 2011 WL 673779, at *3 (D.Md. Feb 17, 2011) (citing *Burbach Broad. Co. of Del. V. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "[T]o survive a motion to dismiss, the complaint must 'state[] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense.'" *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*,

5

556 U.S. at 679), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327 (2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. 12-cv-969-RDB, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.") (citation and internal quotation marks omitted).

### III. Analysis

#### A. Race Discrimination

Mr. Mian's complaint alleges that Defendant LoanCare's denial of his request for forbearance was motivated by race discrimination. (ECF No. 1, at 3). The complaint does not identify the law under which Mr. Mian brings the discrimination claim. Defendants first argue that Mr. Mian did not plead race discrimination. (ECF No. 15-1, at 5). Defendants next identify three statutes under which Mr. Mian could have brought his claim, and argue that he failed to state a claim under any of them. (ECF No. 15-1, at 6-7). The three statutes are the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*; the Fair Housing Act ("FHA"), 42 U.S.C. § 3605; and the Civil Rights Act, 42 U.S.C. § 1981. (ECF No. 15-1, at 6-7). Defendants argue that Mr. Mian has not stated a claim under any of those statutes. (ECF No. 15-1, at 7).

#### The Equal Credit Opportunity Act

The ECOA "contain[s] broad anti-discrimination provisions that 'make it unlawful for any creditor to discriminate against any applicant with respect to any credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) (quoting 15 U.S.C. § 1691(a)(1)). To succeed on an ECOA claim at trial, a plaintiff must provide (1) direct evidence

7

of unlawful discrimination; (2) disparate impact evidence; or (3) disparate treatment evidence. *Combs v. Bank of America, N.A.*, No. 14-cv-3372-GJH, 2015 WL 5008754, at *3 (D.Md. Aug. 20, 2015) (quoting *Faulkner v. Glickman*, 172 F.Supp.2d 732, 737 (D.Md. 2001). If not relying on direct evidence, then the plaintiff follows the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Boardley v. Household Fin. Corp. III*, 39 F.Supp.3d 689, 709-10 (D.Md. 2014); *Faulkner*, 172 F.Supp.2d at 737. At the motion to dismiss stage, however, a complaint need not establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) (noting that "[t]he *prima facie* case . . . is an evidentiary standard, not a pleading requirement"). Rather, "to survive a motion to dismiss, the complaint must 'state[] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense.'" *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327 (2012). The elements of a *prima facie* ECOA lending discrimination case are that: (1) Plaintiff is a member of a protected class; (2) he was qualified for the benefit he sought; and (3) despite those qualifications, he was rejected. *Boardley*, 39 F.Supp.3d at 710-

11 (citing *Letke v. Wells Fargo Home Mortg., Inc.*, No. RDB-12-3799, 2013 WL 6207836, at *4 (D.Md. Nov. 27, 2013)).

Mr. Mian has not alleged facts showing that he was qualified for a forbearance. At best, his factual allegations are that he requested a forbearance and was denied, that other companies were granting forbearances, and that Defendants put an abandoned house sign in front of his home.[3] (ECF No. 1, at 3, 4, 5). He concludes, without further support, that his request for a forbearance was denied because of his race. (ECF No. 1, at 3). He has not pled that he qualified for a forbearance from *his* bank. He has not alleged what standards Defendants had for granting a request for a forbearance, or, critically, his actual qualifications when he submitted his application. *See Boardley*, 39 F.Supp.3d at 711 ("[B]ecause . . . Plaintiffs do not allege their qualifications, Plaintiffs' pleadings fall short with regard to their ECOA lending discrimination claim."); *Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754, at *3 (D.Md. Aug. 20, 2015) ("Although she alleges that she is a member of a protected class, she fails to adequately allege that she met the qualifications for loan modification and was denied despite her qualifications. In fact,

---

[3] Mr. Mian does state that "[t]his honorable court may determine that forbearance option was being exercised by the Defendants from person to person in violation of equal right secured in US Constitution to all US citizens." (ECF No. 1, at 5). He provides no facts on which to base such a conclusion.

9

Plaintiff does not indicate what qualifications were at issue.").[4] Mr. Mian does, however, attach to his complaint the correspondence from LoanCare that states forbearance is an option for people trying to stay in their home.  (ECF No. 1-2, at 3).  Mr. Mian is very clear that he planned to sell his home.  He has not stated a claim under ECOA.

**The Fair Housing Act**

The FHA provides private citizens a right of action against those who discriminate against them in the housing market. Specifically, "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race [or] color."  42 U.S.C. § 3605(a).  The act defines a residential real estate-related transaction as: "[t]he making or purchasing of loans or providing other financial assistance (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate."  *Id.* § 3605(b)(1).  To state a claim,

---

[4] Defendants also argue that Mr. Mian has failed to allege facts that he is within a protected class.  (ECF No. 15-1, at 7). While Mr. Mian could have been more specific—such as stating his race—he has alleged that his forbearance request was denied because of his race—a protected class.  This is not, however, enough to support a disparate treatment claim, as he has not alleged that Defendants were treating people of different races more favorably.

10

Plaintiff must allege that he suffered discrimination within the meaning of the FHA through discriminatory intent or discriminatory impact. *Robinson v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty., MD*, No. RDB-07-1903, 2008 WL 2484936, at *9 (D.Md. June 19, 2008) (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984)).

The complaint fails to allege an FHA violation through discriminatory intent.

> To successfully allege discrimination in connection with a loan application, a complaint must state that "(1) the plaintiff is a member of a protected class, (2) the plaintiff applied for and was qualified for a loan, (3) the loan was rejected despite the plaintiff's qualifications, and (4) the defendants continued to approve loans for applicants with qualifications similar to those of the plaintiff." *Frison v. Ryan Homes*, No. AW-04-350, 2004 WL 3327904, at *5 (D.Md. Oct. 29, 2004).

*Watson v. Bank of Am., N.A.*, No. PJM-14-1335, 2015 WL 1517405, at *5 (D.Md. Mar. 30, 2015), *aff'd*, 621 F.App'x 200 (4th Cir. 2015), *cert. denied*, No. 15-8361, 2016 WL 777832 (U.S. June 6, 2016). As already discussed, the complaint is devoid of facts regarding the qualifications for a forbearance and Mr. Mian's actual qualifications. At bottom, he does not plausibly allege "that discriminatory animus was a motivating factor in [Defendant's]

11

decision to deny" his forbearance requests. *Letke*, 2015 WL 1438196, at *8.

Similarly, Mr. Mian cannot maintain a discriminatory impact claim under the FHA.

> To establish a *prima facie* case of disparate impact discrimination [under the FHA], plaintiffs must show that a specific policy caused a significant disparate effect on a protected group. To do this, they must identify the problematic neutral practice at issue . . . . *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988). In making this showing, plaintiffs are required to prove only that a given policy had a discriminatory impact on them as individuals. *Betsey*, 736 F.2d at 987. Thus, to determine whether plaintiffs have met their burden, "[t]he correct inquiry is whether the policy in question had a disproportionate impact on the minorities in the total group to which the policy was applied." *Id.*

*Boardley*, 39 F.Supp.3d at 712 (citation omitted). To allege disparate impact under the FHA, "[a] plaintiff must identify the neutral practice at issue and cite statistical evidence demonstrating the discriminatory impact caused by the practice." *Letke v. Wells Fargo Home Mortgage, Inc.*, No. RDB-12-3799, 2015 WL 1438196, at *8 (D.Md. Mar. 27, 2015) (citing *Watson*, 487 U.S. at 994). Mr. Mian's complaint does not identify a neutral policy or program implemented by Defendant that caused a significant disparate effect on a protected class. Furthermore, the complaint contains only conclusory assertions of discrimination based on race and offers no specific factual allegations regarding

12

similarly situated customers outside of the protected class. Plaintiff has not stated a discrimination claim under the FHA.

### The Civil Rights Act

To prove a § 1981 claim, Plaintiff must "ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).  Section 1981 "require[s] that plaintiffs plausibly allege intentional discrimination." *Hodge v. College of Southern Maryland*, 121 F.Supp.3d 486, 502 (D.Md. 2015).  Plaintiff provides only vague, conclusory assertions that Defendant's actions were motivated by a racial animus.  Plaintiff has put forth no facts plausibly alleging that Defendants failed to offer a forbearance because of his race.  Mr. Mian's allegations amount to "I did not receive the requested forbearance, so it must have been caused by race discrimination."  Such bald, unsupported assertions are insufficient to overcome a motion to dismiss.  Accordingly, Mr. Mian has not stated a claim under § 1981, or of race discrimination in general.

### B. Maryland Consumer Protection Act Claim

Mr. Mian also alleges Defendants violated the Maryland Consumer Protection Act ("MCPA").  (ECF No. 1, at 4-5).  He alleges defendants violated the MCPA by, not "designat[ing] a person to deal [with] any inquiry on the part of Loan Servicer[.]"  (ECF No.

13

1, at 4-5). The complaint also alleges that, "[t]he name [and] telephone number given were like fake with no call back." (ECF No. 1, at 4-5). The complaint does not indicate what subsection of §13-1316 Mr. Mian is suing under, but Defendants suggest he is suing under subsection (c). (ECF No. 15-1, 11). Mr. Mian's motion to strike the motion for judgment confirms that he is suing under subsection (c)(1). (ECF No. 17-1, at 8).

Subsection 13-316(c)(1) requires a mortgage servicer to designate a contact person to whom mortgagors may direct complaints and inquiries. Subsection (c)(2) requires the contact person to respond in writing to each written complaint or inquiry within 15 days if requested. A mortgage servicer is only liable, however, "for any economic damages caused by the violation of" any part of § 13-316. *See also Jackson v. Planet Home Lending, LLC*, 20-cv-0773-TDC, 2021 WL 2209920, at *9 (D.Md. June 1, 2021) (dismissing alleged violations of 13-316 for failure to allege resulting economic damages or pecuniary loss) (citing *Lloyd v. General Motors Corp.,* 916 A.2d 257, 277 (Md. 2007)). The complaint does not allege any damages. Instead, it asserts "[t]his honorable court may take notice for awarding reasonable and deterrent damages[.]" (ECF No. 1, at 5). Moreover, the letter from LoanCare warning Mr. Mian of his need to cure his default, which Mr. Mian attached to his complaint, stated that he could contact Brenda Mansfield and

14

provided him with a phone number for her.  (ECF No. 1-2, at 9).
In any event, Mr. Mian failed to state a claim under § 13-316(c).

### C. Paperwork Reduction Act

Mr. Mian alleges the "lengthy package" the Defendants sent him after he defaulted violated the Paperwork Reduction Act ("PRA").  (ECF No. 1, at 6).  He alleges it was used to seek irrelevant information from him and was only being used to "gain time in delinquency period for processing foreclosure action." (*Id.*)  The package was nineteen pages long.  It contained information about his options for managing his default and an application.  (ECF No. 1, at 2).

Among the purposes of the PRA is to minimize the paperwork burden on individuals and entities resulting from the collection of information by or for the Federal Government.  44 U.S.C. § 3501(1).  There is not a private right of action under the PRA. *Tozzi, et al. v. EPA, et al.*, 148 F.Supp.2d 35, 43 (D.Md. 2001) (identifying the absence of a private right of action in the statute and the same conclusion by other courts).  Mr. Mian's complaint does not allege any involvement of the Federal

15

Government.  In any event, there is no private right of action for him to sue under.  He has not stated a claim under the PRA.[5]

## IV. Motion to Strike Defendants' Motion for Judgment on the Pleadings

Mr. Mian did not file an opposition to Defendants' motion for judgment.  Instead, he filed a motion to strike Defendants' motion for judgment.  The motion to strike reiterates the allegations contained in Mr. Mian's complaint.  It also asserts that the motion for judgment should be struck because (1) Defendants possibly delayed mailing it to him; (2) it was untimely; and (3) Defendants committed fraud.

Mr. Mian's first argument is unsupported.  The Motion for Judgment was filed on November 19, 2021.  (ECF No. 15).  Also on November 19th, the Clerk's Office mailed Mr. Mian a Rule 12 and 56 notice, and gave him 28 days to file his response to the motion for judgment.  Mr. Mian received the motion for judgment on

---

[5] Defendants' motion for judgment also argues that Mr. Mian voluntarily entered the contract to sell the house, and that he was not subjected to duress by Defendants. (ECF No. 15-1, at 9-10).  They also argue that they had not initiated foreclosure proceedings, and that the actual value of the home was far less than the $689,000.00 Mr. Mian initially sought.  (*Id.*).  In his motion to strike, Mr. Mian seems confused by Defendants' arguments, first seeming to argue that duress of foreclosure was inapplicable to Plaintiffs' case, and then arguing he did experience duress and mental stress from Defendants' actions.  (ECF No. 17-1, at 7-8). While Mr. Mian certainly seems to feel that he was pressured into selling the home for a lower price than he wanted to by the danger of foreclosure, it is not apparent anywhere in his complaint that he seeks to avoid the contract to sell the home.

16

November 29, 2021, and the Rule 12 and 56 notice on December 10, 2021. (ECF No. 17, at 1). Mr. Mian asserts that Defendants mailed the motion for judgment late and backdated it by ten days. (ECF No. 17, at 1). Defendants deny backdating the motion. (ECF No. 22, at 2). They argue that the notice from the Clerk giving Mr. Mian 28 days to respond, rather than the usual 14 provided by the local rules, indicates a common knowledge that the mail delivers things slowly. (*Id.*); Local Rules 105.2(a). In further support of that argument, Defendants point to the delay in delivery of the Rule 12 and 56 notice. (*Id.*). Mr. Mian concedes, indirectly, that these mailings were in transit during the holidays. (ECF No. 17, at 1). Most importantly, Mr. Mian has not supported his allegation with anything more than speculation. His motion will be denied on this ground.

Next, Mr. Mian asserts that the motion for judgment was untimely. (ECF No. 17, at 2). It appears that Mr. Mian is arguing that Defendants filed their motion for judgment too quickly.[6] Under Fed.R.Civ.P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not

---

[6] Mr. Mian also appears to argue that Defendants did not give him a chance to file a motion for summary judgment, and that in any event he filed his motion for summary judgment first on November 24, 2021. (ECF No. 17, at 2). Not only does Rule 12(c) not have such a requirement, but the motion for judgment was filed before November 24, 2021, and Mr. Mian did not file a motion for summary judgment on that date.

17

to delay trial[.]" The pleadings close when the defendant files an answer. *Stone v. Trump*, 400 F.Supp.3d 317, 358-59 (D.Md. 2019) (citing *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002)). Defendants filed their answer on November 12, 2021. (ECF No. 13). They filed their motion for judgment on November 19, 2021. (ECF No. 15). Defendants' motion for judgment was timely filed.

Finally, Mr. Mian asserts as a new claim that Defendants committed fraud. This presents several problems. First, a motion to strike is the wrong place to raise a claim not included in the complaint. *See, e.g.*, *Whitten v. Apria Healthcare Group, Inc.*, No. 14-cv-3193-PWG, 2015 WL 2227928, at *6, 7 (D.Md. May 11, 2015). Instead, as Mr. Mian appears to recognize, he should move for leave to file an amended complaint. In an "Amendment" to his "Request for Summary Judgment Motion" (ECF No. 21), he alludes to that process by mentioning Rule 15(a)(2). He has not done so, however.

Second, even if Mr. Mian had moved for leave file an amended complaint, his motion would have been denied as futile. Mr. Mian alleges that he did not have a legible copy of the promissory note and deed of trust until they were attached as exhibits to Defendants' answer. (ECF No. 17, at 3). Now having such copies, he believes that section 6 of the promissory note and section 12 of the deed of trust entitled him to a forbearance. (ECF No. 17, at 4-7). He also believes that, in the event of default, he was

only required to pay "5% of the unpaid principal [and] interest each month till the settlement day after sale of the house." (ECF No. 17, at 5). Thus, he alleges that the Defendants committed fraud by telling him that he was not eligible for a forbearance. (ECF No. 17, at 6). He has, however, misread the promissory note and deed of trust. Section 6 of the promissory note requires Mr. Mian, in the event he defaults on his payments, to pay a late charge. (ECF No. 13-2, at 2). The amount of the charge will be 5.00% of the overdue payment of principal and interest. (*Id.*). Section 12 of the deed of trust states, among other things, that any forbearance granted by LoanCare does not waive or preclude the exercise of any right or remedy by Loancare. (ECF No. 13-3, at 7). The two provisions do not support Mr. Mian's allegation that he was entitled to a forbearance. They likewise do not support his allegation that Defendants defrauded him. The motion to strike will be denied.

## V.     Other Motions

Defendants filed a motion to strike Plaintiff's motion for summary judgment (ECF No. 18) referring to his "Request for Summary Judgment Motion" attached as an exhibit, but never independently filed with the court. That motion is moot both because Plaintiff never filed that "Request" with the court and because, as he later pointed out in ECF No. 21, it was not a motion at all. Plaintiff has filed two additional motions:  a motion to compel (ECF No. 24)

19

and a motion for partial summary judgment (ECF No. 27).  Given the resolution of Defendants' motion, which will result in dismissal of the complaint, these motions will be denied.

## VI. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings will be granted.  The motion to strike the motion for judgment on the pleadings, the motion to strike Plaintiff's motion for summary judgment, the motion to compel, and the motion for partial summary judgment will all be denied.

```
                                      /s/
                          DEBORAH K. CHASANOW
                          United States District Judge
```