IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MOHAMMAD ASLAM MIAN | : |
| | : |
| v. | :  Civil Action No. DKC 21-2419 |
| | : |
| LOANCARE SERVICING COMPANY, Et al. | : |

**MEMORANDUM OPINION**

Presently pending is the motion for reconsideration filed by Plaintiff Mohammad Aslam Mian. (ECF No. 34). The court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

The motion, filed within 28 days of the underlying judgment, is governed by Federal Rule of Civil Procedure 59(e). *Montgomery v. Medstar Montgomery Medical Center*, No. 17-cv-00618-PX, 2018 WL 6324754 (D.Md. Dec. 3, 2018)(citing *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011)). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1, at 127-28 (2nd ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D. Md. 2002) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."), *aff'd*, 86 F.App'x. 665 (4th Cir. 2004) (internal citation omitted).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright & Miller, Federal Practice & Procedure § 2810.1, at 124).  None of Mr. Mian's arguments meet these standards.

First, Mr. Mian reraises his argument that Defendants were untimely in filing their motion for judgment on the pleadings. (ECF No. 34, at 1-2).  This is merely an attempt to reargue the finding that the motion for judgment was timely filed.  (ECF No. 31, at 17-18).

Second, Mr. Mian reraises his argument that Section 6 of the promissory note entitled him to a "forbearance."  (ECF No. 34-1, at 2).  In support, Mr. Mian seems to assert that the court,

erroneously, relied only on the text of the promissory note and not the "facts." (ECF No. 34-1, at 3). He does not identify what "facts" these are, or how it is that they modify the plain meaning of the promissory note's text. Moreover, Mr. Mian does not identify new law, new evidence, a clear error of law, or manifest injustice. He is merely attempting to reargue the meaning of Section 6(A), which clearly does not state what Mr. Mian claims it does. (ECF No. 31, at 18-19).

Third, Mr. Mian argues that ECF No. 29 was not addressed by the court. ECF No. 29 is docketed as a reply to Defendants' opposition (ECF No. 28) to Mr. Mian's motion for partial summary judgment (ECF No. 27). Mr. Mian now asserts that ECF No. 29 is actually a second, separate motion for summary judgment. Whether ECF No. 29 is merely a reply brief or was instead a motion for summary judgment does not need to be decided. If the filing is a reply, Mr. Mian's motion for partial summary judgment (ECF No. 27) was disposed of by the court's order. If the filing was a second motion for summary judgment, then it would have been denied upon resolution of the motion for judgment, just as Mr. Mian's motion for partial summary judgment was denied. (ECF No. 32). Granting judgment on the pleadings in favor of Defendants and dismissing the complaint rendered moot any motion by Plaintiff for summary judgment. Moreover, this argument identifies no new law, alleges

no new evidence, and does not identify clear error of law or manifest injustice.

Fourth, Mr. Mian reraises his speculation that Defendants delayed mailing him their motion for judgment on the pleadings. (ECF No. 34-1, at 3-4). He asserts that it was a "big fraud the court never paid attention to the request of the Plaintiff." The argument was addressed in the memorandum opinion. (ECF No. 31, at 17). In any event, this is merely an attempt to reargue Mr. Mian's speculation about the mailing of the motion for judgment.

For the forgoing reasons Mr. Mian's motion for reconsideration will be denied.

                                                   /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge