```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

MOHAMMAD ASLAM MIAN              :
                                 :
    v.                           :   Civil Action No. DKC 21-2419
                                 :
LOANCARE SERVICING COMPANY,      :
et al.                           :

**MEMORANDUM OPINION**

Presently pending is a second motion for reconsideration filed by Plaintiff Mohammad Aslam Mian, this one purportedly under Fed.R.Civ.P. 60(b). (ECF No. 38). The court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for relief from judgment will be denied.

Although Mr. Mian filed his motion under Fed.R.Civ.P 60(b), that is not the appropriate rule. A party may move to alter or amend a judgment under Fed.R.Civ.P. 59(e), or for relief from a judgment or order under Fed.R.Civ.P. 60(b). Such a motion filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Knott v. Wedgwood*, No. 13-cv-2486-DKC, 2014 WL 4660811, at *2 (D.Md. Sept. 11, 2014). Although Mr. Mian purports to bring his motion for reconsideration under Rule 60(b)(3), because it was filed within twenty-eight days of entry of the underlying order, it is properly

analyzed under Rule 59(e).  *See Griffin Whitaker, LLC v. Torres*, No. 10-cv-0725-DKC, 2010 WL 3895384, at *4 (D.Md. Oct. 1, 2010); *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 412 (4th Cir. 2010) (analyzing a prior version of Fed.R.Civ.P. 59(e) and noting that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment.").

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1, at 127-28 (2nd ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not

2

raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."), *aff'd*, 86 F.App'x. 665 (4th Cir. 2004) (internal citation omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright & Miller, Federal Practice & Procedure § 2810.1, at 124).

Mr. Mian argues that the sixth term of the deed of trust, "Occupancy", entitled him to a forbearance. (ECF No. 38, at 1-2). He also reraises his allegation that Defendants did not provide him with a copy of the mortgage documents. (*Id.* at 2). The first argument could have been raised during litigation.[1] The

---

[1] Moreover, Mr. Mian's argument would not have succeeded even if he had brought it at the appropriate time. The sixth term states:

> Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

(ECF No. 13-3, at 5). The term merely required Mr. Mian to occupy the house for at least one year after purchasing it, because he purchased the home with a residential mortgage. The term does not say what Mr. Mian thinks. It does not permit him to remain in the home "due to extenuating circumstances."

second argument was already made.  (*See* ECF No. 17, at 7-8).  Neither argument raises an intervening change in law, new evidence, or a clear error of law or manifest injustice.  As a result, neither is grounds to grant Mr. Mian's motion.

    For the forgoing reasons Mr. Mian's motion will be denied.

                                                 /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge