IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOHAMMAD ASLAM MIAN       :

      :

    v.       :   Civil Action No. DKC 21-2419

      :

LOANCARE SERVICING COMPANY,
et al.       :

## MEMORANDUM OPINION

On December 22, 2022, Plaintiff Mohammad Mian filed a motion for a more definite statement under Fed.R.Civ.P. 12(e) and a request for a final order for notice of appeal. (ECF No. 52). This is Mr. Mian's seventh challenge to the court's judgment and his second motion for a more definite statement. (*See* ECF Nos. 34, 38, 41, 45, 48, 50). The motion will be denied.

Fed.R.Civ.P 12(e) states:

> e) Motion for a More Definite Statement.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Mr. Mian argues that his Rule 12(e) motion should be granted because several motions he previously filed in this case "were

. . . not allowed responsive pleading by the Defendants." (ECF No. 52, at 2). As explained in the court's order denying Mr. Mian's first motion for a more definite statement, Rule 12(e) does not apply in this context. Mr. Mian would only be entitled to a more definite statement under Rule 12(e) if Defendants had filed a pleading (i.e., an answer or counterclaim) that was so "vague or ambiguous" that Mr. Mian could not "reasonably prepare a response." Mr. Mian appears to argue that because the court granted judgment for Defendants on the pleadings, *Defendants* were not able to respond to various "motions filed by *Plaintiff*." (ECF No. 52, at 1-2) (emphasis added). That assertion is not a basis to grant a motion for a more definite statement under Rule 12(e).

Next, Mr. Mian re-raises several arguments that the court has already considered and rejected. First, he argues that Defendants' motion for judgment on the pleadings was premature because it was filed "before discovery started." (ECF No. 52, at 1). As the court has already explained, a party may move for judgment on the pleadings any time after pleadings close, as long as the motion is filed early enough not to delay trial. Fed.R.Civ.P. 12(c). Pleadings close when the defendant files an answer. (ECF No. 31, at 17-18 (citing *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002)). In this case, Defendants' motion was timely because it was filed seven days after Defendants

filed their answer and long before any trial would have occurred. (ECF Nos. 13, 15).

Second, Mr. Mian argues that he was entitled to a forbearance under either Section 6 of the Deed of Trust or Section 6 of the Promissory Note. (ECF No. 52, at 2-3). As the court has previously stated, neither document entitles Mr. Mian to a forbearance. Section 6 of the Promissory Note requires Mr. Mian to pay a late charge when he defaults on his mortgage payments. (ECF No. 31, at 19). Section 6 of the Deed of Trust required Mr. Mian to occupy the home for one year after purchasing it because he purchased the home with a residential mortgage. (ECF No. 39, at 3).

More fundamentally, Mr. Mian's arguments about the timeliness of Defendants' motion and his entitlement to a forbearance are not relevant to a Rule 12(e) motion. Rather, Mr. Mian seems to raise these arguments to explain why he believes that the court should not have issued judgment for Defendants in the first place. Having unsuccessfully made these arguments in three separate motions for reconsideration, (ECF Nos. 34, 38, 41), Mr. Mian repackaged them in his motion for a more definite statement. However, Rule 12(e) does not permit a court to revisit its prior judgment, and a party is not entitled to a more definite statement simply because it believes a prior judgment is incorrect.

Mr. Mian also argues that counsel should be appointed for him because he lives below the poverty line, is over eighty years old,

and his hearing is impaired.  (ECF No. 52, at 3).  While the court is sympathetic to those burdens, it has already explained that Mr. Mian is not entitled to counsel under 28 U.S.C. § 1915(e) because he paid the full filing fee when he filed his complaint.  (ECF No. 51, at 2).

Finally, Mr. Mian requests a "Final Order for Notice of Appeal."  (ECF No. 51, at 1, 4).  That request will be denied as unnecessary.  The court issued a final judgment on April 29, 2022, when it granted Defendants' motion for judgment on the pleadings.  (ECF Nos. 31, 32).  Several subsequent motions for reconsideration have now been denied.  (ECF Nos. 36, 40, 47).

For the foregoing reasons, Plaintiff's motion for a more definite statement and requests for the appointment of counsel and for a final order will be denied.  A separate order will follow.

_____
          /s/
DEBORAH K. CHASANOW
United States District Judge
