IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                              |
|------------------------------|---|------------------------------|
| MOHAMMAD ASLAM MIAN          | : |                              |
|                              | : |                              |
| v.                           | : | Civil Action No. DKC 21-2419 |
|                              | : |                              |
| LOANCARE SERVICING COMPANY,  | : |                              |
| et al.                       | : |                              |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discriminatory lending case is the motion to vacate the judgment pursuant to Rule 60(b) and request for appointment of counsel, (ECF No. 66), and the motion to expedite, (ECF No. 71), filed by Mohammad Aslam Mian ("Plaintiff").  This is Plaintiff's eighth challenge to the court's decision on April 29, 2022, (ECF Nos. 31; 32), granting judgment on the pleadings to the defendants in this case.  (*See* ECF Nos. 34; 38; 41; 45; 48; 50; 52).  After the court denied Plaintiff's seventh challenge, (ECF No. 59), he appealed the court's grant of judgment on the pleadings and subsequent orders to the United States Court of Appeals for the Fourth Circuit, (ECF No. 60), which affirmed the order at ECF No. 59 and dismissed the appeal over all the other orders for lack of jurisdiction because the appeal as to those orders was untimely, (ECF No. 64).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For

the following reasons, Plaintiff's request for appointment of counsel will be denied, the motion to vacate the judgment will be denied, and the motion to expedite will be denied as moot.

This motion is governed by Fed.R.Civ.P. 60(b) because it was filed more than twenty-eight days after the underlying judgment. *See In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).  Rule 60(b) allows a litigant to obtain relief from a final judgment, order, or proceeding.  A motion under Rule 60(b) must be made within "a reasonable time."  Fed.R.Civ.P. 60(c).  Where a party alleges "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ; [or] (3) fraud . . . , misrepresentation, or misconduct by an opposing party," a motion under 60(b) must be filed within a year after the entry of judgment.  Fed.R.Civ.P. 60(b), (c)(1).  The judgment in this case was issued four years ago.  (ECF Nos. 31; 32).  Therefore, Plaintiff can only succeed under one of the remaining provisions of Rule 60(b) if he establishes that "(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed.R.Civ.P. 60(b).  Relief under Rule 60(b) is "an extraordinary remedy."  *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir.

2

2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).    Moreover, "Rule 60(b) may not be used to relitigate claims already decided by the court."    *Saunders v. City of Petersburg Police Dep't*, 158 F.App'x 491, 491 (4th Cir. Dec. 28, 2005) (per curiam) (citing *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (per curiam)). Because Plaintiff cannot succeed under these standards, his motion to vacate the judgment will be denied.

Plaintiff attempts to argue that the final judgment issued by this court is void.    (ECF No. 66, at 3).    He points to the Memorandum and Order dated May 16, 2025, that Chief Judge Diaz of the Fourth Circuit issued in response to Plaintiff's complaint of judicial misconduct against the undersigned.    (*Id.* at 2; *see also* ECF No. 66-1).    He appears to believe that the Memorandum and Order validates his allegations of judicial misconduct and thereby renders the final judgment in this case void.    (ECF Nos. 66, at 2; 66-4, at 3).    Instead, the Memorandum and Order *recounts* Plaintiff's allegations of judicial misconduct and then dismisses the complaint as an improper attempt to relitigate the case and, in any event, lacking sufficient evidence.    (ECF No. 66-1, at 3–5).    Nothing in the Memorandum and Order or otherwise suggests that the four-year-old final judgment in this case is void. Plaintiff is not entitled to relief under Rule 60(b)(4).

3

The requirements of Rule 60(b)(5) also have not been met. Plaintiff can only attempt to argue that another reason justifies relief using Rule 60(b)(6), under which he must show "extraordinary circumstances," a reason for relief that does not fall in the first five categories, a meritorious claim, and no unfair prejudice to the defendant.  *Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988); *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)).  Extraordinary truly means extraordinary; "relief . . . under this rule is no easy task." *Bartch v. Barch*, 721 F.Supp.3d 380, 382 (D.Md. 2024).  "And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," the motion should be denied.  *Aikens*, 652 F.3d at 501 (citing D*owell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *Burnley*, 988 F.2d at 3).  Plaintiff fails to allege any extraordinary circumstances or meritorious claim, and reopening the judgment four years later on Plaintiff's eighth challenge to it would unfairly prejudice the defendants.  Additionally, many of his arguments could have been raised on appeal, he did in fact appeal, and his appeal was adjudicated.  To avoid any residual confusion on Plaintiff's part that might prompt subsequent filings, the court will offer a brief discussion of the issues Plaintiff raises.

First, Plaintiff contends that his Fifth and Fourteenth Amendment rights to due process were violated. (ECF No. 66, at 2-3). He states that under these amendments, "notices are required to be issued and witnesses are [required to be] taken," and these requirements were not met in prior proceedings. (*Id.*). Plaintiff misunderstands the requirements of due process. Due process is absent where a party is not given proper notice of the proceeding or is not given an opportunity to be heard at said proceeding. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314-15 (1950); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff was given proper notice of the defendants' motions when he was served, and he was given an opportunity to respond by the court. He does not identify any procedural defect that could constitute an extraordinary circumstance for the purposes of Rule 60(b)(6).

Second, Plaintiff refers to his affidavit, in which he asserts claims of racial discrimination, judicial misconduct, due process violations, fraudulent misrepresentation, untimely filings by the defendants, "Maryland Commercial Law" violations, trespassing, and harassment. (ECF No. 66-4, at 2-4). This court has already rejected many of these claims numerous times. Specifically, this court has already determined that Plaintiff was not entitled to forbearance and cannot assert a racial discrimination claim, (ECF Nos. 31, at 7-13; 35, at 2-3; 39, at 3 & n.1; 49, at 1-2; 51, at 2; 58, at 3), denied Plaintiff's "Commercial Law" claim under the

Maryland Consumer Protection Act, (ECF No. 31, at 13-15), and denied Plaintiff's claims of fraudulent misrepresentation and untimely filings, (ECF Nos. 31, at 16-19; 35, at 2, 4; 47, at 2-3).  Also, as explained above, Plaintiff cannot rely on judicial misconduct or due process violations to obtain relief from this judgment.  Finally, Plaintiff seems to argue for the first time that the placement of the "Abandoned House" sign in his yard constituted trespassing and harassment.  (ECF No. 66-4, at 4). But a plaintiff cannot amend his complaint through prejudgment briefing, much less postjudgment briefing.  *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).  The time has long passed to assert new claims in this case.  Whether Plaintiff believes his arguments regarding these claims justify relief under Rule 60(b)(6) or otherwise, they are not successful.

Finally, Plaintiff again requests the appointment of counsel, stating that he is eighty-five years old and has impaired hearing and eyesight.  (ECF No. 66, at 3).  As stated in this court's memorandum opinions dated December 9, 2022, (ECF No. 51, at 2), and May 25, 2023, (ECF No. 58, at 3-4), the appointment of counsel in civil cases is governed by the *in forma pauperis* provision, 28 U.S.C. § 1915(e).  Because Plaintiff paid the full filing fee when he filed his complaint, appointment of counsel is not available. (ECF Nos. 51, at 2; 58, at 3-4).  The Fourth Circuit affirmed

denial of appointment of counsel in this case.  (ECF No. 64-1, at 2).

Because Plaintiff's motion to vacate the judgment will be denied, Plaintiff's motion to expedite is moot.  Accordingly, Plaintiff's motion to expedite will be denied.

For the foregoing reasons, Plaintiff's motion to vacate the judgment will be denied, his request for appointment of counsel will be denied, and his motion to expedite will be denied as moot. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

7